## CURTIS v. MID-CITY DEVELOPMENT CO.

Judgment—Summary Judgment.
> Defendant's motion for summary judgment *held*, improperly granted, where plaintiff's amended complaint alleges facts which, if proven at trial, would entitle plaintiff to relief (GCR 1963, 117.2[1]).

Appeal from Wayne, Joseph G. Rashid, J. Submitted Division 1 November 14, 1968, at Detroit. (Docket No. 4,636.)   Decided May 26, 1969.

Complaint by Glenn D. Curtis against Mid-City Development Co., a Michigan corporation, for money due for services rendered. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Dickinson, Wright, McKean & Cudlip,* for plaintiff.

*Weller, Summer & Feder,* for defendant.

BEFORE: Lesinski, C. J., and J. H. Gillis and Beer,* JJ.

Per Curiam. By motion for summary judgment, defendant successfully claimed that plaintiff failed

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

Reference for Points in Headnote
41 Am Jur, Pleading §§ 340–343.

to state a claim upon which relief could be granted.[1] Pertinent portions of the amended complaint against which the motion was granted are set forth in the appendix.

We believe this amended complaint alleges facts which, if proven at trial, would entitle plaintiff to relief on a novation theory. We are further of the opinion the allegations are reasonably sufficient to inform Mid-City of the nature of the claim against it.

Reversed and remanded to permit plaintiff to offer testimony upon his amended complaint.

## APPENDIX

"I

"On and prior to December 21, 1956 Atlas Industries, a Michigan corporation, owned a parcel of property at the northeast corner of Mound road and Eight Mile road in Warren, Macomb county, Michigan. * * *

"II

"That subsequently, on August 21, 1962, Atlas Industries merged with Tech Plaza, Inc., a Michigan corporation, and was thereafter known as Tech Plaza, Inc. * * *

"III

"That prior and subsequent to December 21, 1956, plaintiff advanced various sums of money to Atlas Industries, Tech Plaza, Inc., the above named corporations. * * *

"IV

"That prior to December 21, 1956, plaintiff assisted in leasing a warehouse and store building erected on said Mound and Eight Mile property and

---

[1] See GCR 1963, 117.2(1).

negotiated a lease with Rotary Electric Steel Company for an office building to be erected thereon.

"V

"That on December 21, 1956, plaintiff entered into a management agreement with Atlas Industries covering said property. * * *

"VI

"That subsequent to November 27, 1956 and prior to March 31, 1958 Rotary Electric Steel Company became known as Jones and Laughlin Steel Corporation, the aforesaid tenant in said office building erected on said premises.

"VII

"That on March 31, 1956, Jones and Laughlin Steel Corporation (formerly known as Rotary Electric Steel Company) the tenant in said office building entered into an extension lease agreement extending the term thereof to May 31, 1970 with an option for a 10 year renewal, which lease agreement specifically provided that Glenn D. Curtis, plaintiff herein, be employed as manager during the term of the lease or any renewal thereof, so long as his services shall be available. * * *

"VIII

"That the lease agreement provided that Glenn D. Curtis be employed as manager during the term of the lease at the request and insistence of Jones and Laughlin Steel Corporation.

"IX

"That such provision was to have been inserted in the original lease with Rotary Electric Steel Company, and such provision was omitted by an oversight.

"X

"That insistence on inserting such a provision was demanded by Rotary Electric Steel Company, orally and in writing, as it was important to Rotary Electric Steel Company that Glenn D. Curtis be closely connected with its real estate and taxes thereon, and paid an increased rental to secure such provision. * * *

"XI

"That Jones and Laughlin Steel Corporation believes and still wants Glenn D. Curtis to be manager of the property under the lease and still sends him monthly operating statements, and still calls upon his services in connection with this real estate and the taxation thereof, and pays him no compensation therefor, assuming that he receives compensation as manager under the management agreement. * * *

"XIV

"On August 23, 1962, Tech Plaza, Inc., received a written offer to purchase said property at Mound and Eight Mile roads from V.J.M. Company, Inc. which offer was accepted by Tech Plaza, Inc. * * *

"XV

"That on August 27, 1962, plaintiff wrote to V.J.M. Company, Inc., c/o Norman J. Feder stating that he had an injunction against the owner selling said premises at Mound and Eight mile roads, but would agree to said sale if the purchaser would pay Curtis $65,000 of his claim, and if Curtis would continue to manage that portion of the property leased to Jones and Laughlin Steel Corporation, at a compensation of $5,000 per year. * * *

"XVI

"That sale of said property was consummated by Tech Plaza, Inc., deeding the same to Mid-City Development Co., defendant herein, with the V.J.M. Company, Inc. consenting to the change in grantee. A copy of said deed to defendant, containing a clause that it was subject to the lease held by Jones and Laughlin Steel Corporation is attached hereto as Exhibit E.

"XVII

"That defendant has made payments of only $1,600 on said management agreement although frequently promising to pay all delinquencies."